IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KENNETH CHAD CALL,**

      **Petitioner,**

v.                                                  CIVIL ACTION NO. 5:17cv64
                                                       (Judge Stamp)

**WARDEN SAAD; BUREAU OF
PRISON NATIONAL MEDICAL
DIRECTOR,**

      **Respondents.**

## REPORT AND RECOMMENDATION

### I.  BACKGROUND

On May 12, 2017, Petitioner, Kenneth Chad Call, initiated this case by filing a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.C. § 2241.  On May 19, 2017, Petitioner paid the $5 filing fee. This case is before the undersigned for preliminary review and report and recommendation pursuant to LR PL P 2.

### II. PETITION

Petitioner, who is currently incarcerated at FCI Gilmer, is serving a sentence imposed by the United States District Court for the Western District of North Carolina Petitioner alleges that he has contracted Hepatitis C, which he describes as a chronic, contagious liver disease. He alleges that he has not received the "life-altering medication they have available, known as Direct-Acting Antivirals." ECF No. 1 at 5. For relief, Petitioner is seeking injunctive relief. More specifically, he is seeking an order enjoining the Bureau of Prisons from continuing to apply its October 2016 "Evaluation and Management of

Chronic Hepatitis C Virus (HCV) Infection" Treatment Program Policy, including providing coverage/treatment of Hepatitis C with Direct-Acting Virals without regard to fibrosis score, consistent with existing state and federal Medicaid and Medicare requirements.

### III. ANALYSIS

A section 2241 petition is used to attack the manner in which the sentence is executed. See 28 U.S.C. § 2241. In a 2241 petition, a prisoner may seek relief from issues such as parole denial, sentence computation, good conduct time, the Inmate Financial Responsibility Program, residential reentry centers, or residential drug treatment programs. "[T]he Supreme Court [has] held that the writ of habeas corpus was the exclusive civil remedy for prisoners seeking release from custody." Glaus v. Anderson, 408 F.3d 382, 386 (7th Cir. 2005). Also worth noting is that at the "heart of habeas corpus" petitions, the petitioner is challenging "the fact or duration of his physical confinement," or "seeking immediate release or a speedier release from active confinement." Preiser v. Rodriguez, 411 U.S. 475, 498 (1973). On the other hand, a Bivens action is used to hold federal officers "individually liable for constitutional violations." Starr v. Baca, 625 F.3d 1202 (9th Cir. 2011). Even more generally, a Bivens action allows individuals to sue a federal actor because he or she violated a right guaranteed by the Constitution or a federal law. See Bivens, 403 U.S. at 392-94. Further, " [a]lthough 'more limited in some respects,' a Bivens action is the federal analog to an action against state or local officials under § 1983." Id. ( quoting Hartman v. Moore, 547 U.S. 250, 254 n.2 (2006)); see Preiser, 411 U.S. at 499 ( "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not the fact or length of his custody." )

In the instant action, it is clear that this petition is not an attack on, nor are its

claims related in any way to, the execution of his sentence. Petitioner is not challenging either the fact or duration of his confinement. Instead, he is complaining about the conditions of his confinement, i.e., his medical care, and what the undersigned perceives to be an attempt to allege an Eighth Amendment violation. To pursue the claims he raises herein, Petitioner must file a lawsuit governed by <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 399 (1971),[1] and pay the $400.00 filing fee.[2]

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that this matter be **DISMISSED WITHOUT PREJUDICE** to Petitioner's right to file a <u>Bivens</u> action. The undersigned further recommends that Petitioner's Motion for Injunctive Relief [ECF No. 2] be **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985) <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208

---

[1] In <u>Bivens</u>, the Supreme Court created a counterpart to §1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law. Because petitioner is a federal prisoner, he must file a <u>Bivens</u> action as opposed to one under §1983.

[2] If granted *in forma pauperis* status, the fee would be $350.00, payable in installments pursuant to a designated formula.

(1984).

     The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as reflected on the docket sheet.

DATED: August 7, 2017


                                             */s/ James E. Seibert*
                                             JAMES E. SEIBERT
                                             UNITED STATES MAGISTRATE JUDGE