IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KENNETH CHAD CALL,

    Petitioner,

v.                                              Civil Action No. 5:17CV64
                                                               (STAMP)

WARDEN SAAD and BUREAU OF PRISON
NATIONAL MEDICAL DIRECTOR, Overseer
of the "Evaluation and Management of
Hepatitis C Virus (HCV) Infection
Guidelines" Treatment Program/Policy,

    Respondents.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND DENYING AS MOOT PETITIONER'S
MOTION FOR INJUNCTIVE RELIEF**

I.  Procedural History

The pro se[1] petitioner, Kenneth Chad Call, filed a petition for habeas corpus under 28 U.S.C. § 2241 ("§ 2241"). The petitioner also filed a motion for injunctive relief from the Bureau of Prisons (the "BOP") "Evaluation and Management of Hepatitis C Virus (HCV) Infection" policy. The action was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

The magistrate judge filed a report and recommendation recommending that this matter be dismissed without prejudice to the petitioner's right to file an action under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) (a "Bivens action"). The magistrate judge also recommended that the petitioner's motion for injunctive relief be denied as moot. The magistrate judge informed the parties that if they objected to any portion of the report and recommendation, they were required to file written objections within 14 days after being served with copies of the report. Neither party filed objections.

## II. Facts

The pro se petitioner is currently incarcerated at FCI-Gilmer, where he is serving a sentence imposed by the United States District Court for the Western District of North Carolina. The petitioner contends that he has contracted hepatitis C, which he describes as a chronic, contagious liver disease. The petitioner further alleges that he has not received the "life-altering medication they have available, known as Direct-Acting Antivirals." ECF No. 1 at 5. In his petition and in his motion for injunctive relief, the petitioner seeks an order enjoining the BOP from continuing to apply its October 2016 "Evaluation and Management of Chronic Hepatitis C Virus (HCV) Infection" policy. Specifically, the petitioner requests that the BOP provide direct acting antivirals to treat hepatitis C, without taking into consideration

2

the prisoner's fibrosis score.  The BOP's October 2016 policy classifies prisoners with a score of stage 0 to stage 1 fibrosis on their liver biopsy as being "Low Priority for Treatment," subject to certain exceptions.  ECF No. 2-1 at 13.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

### III.  Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  Because the petitioner did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).

### IV.  Discussion

In his report and recommendation, the magistrate judge found that the petition is not an attack on, nor are its claims in any way related to, the execution of the petitioner's sentence. Rather, by making allegations about his medical care, the magistrate judge determined that the petitioner is complaining of the conditions of his confinement and possibly alleging an Eighth Amendment violation.  Thus, the magistrate judge concluded that the petition cannot proceed under § 2241, which allows a prisoner to

attack the manner in which his sentence is executed. See <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 498 (1973) (describing the "heart of [a] habeas corpus [petition]" as a petitioner "challenging the fact or duration of his physical confinement itself" or "seeking immediate release or a speedier release from that confinement"). The magistrate judge noted that the case would have to proceed as a <u>Bivens</u> action, which allows individuals to sue a federal actor for constitutional violations. See <u>Hall v. Clinton</u>, 235 F.3d 202, 204 (4th Cir. 2000) (describing a <u>Bivens</u> action as "a judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors"). This Court finds no error in the determinations of the magistrate judge and thus upholds his recommendation.

## V. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the report and recommendation of the magistrate judge (ECF No. 7) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED. Additionally, the petitioner's motion for injunctive relief (ECF No. 2) is DENIED AS MOOT.

It is further ORDERED that this case be DISMISSED WITHOUT PREJUDICE to the petitioner's right to file a Bivens action and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    December 5, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE